UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

GERHARD SEITZ and JOAN SEITZ,

        Plaintiff,

v.

PAUL DEQUARTO, Individually and as an Employee
of the New York State Police, THERESA ANDRYSHAK,
Individually and as an Employee of New York State Police,
and NEW YORK STATE POLICE,

        Defendants.
-----------------------------------------------------------------x

JUDGE ROBINSON

COMPLAINT
Civil Action No. 08 CV 1537

Jury Trial: Yes



FEB 13 2008

      Plaintiffs, Gerhard Seitz and Joan Seitz, by and through their attorneys, Feldman, Kleidman & Coffey, L.L.P., respectfully submits the following:

### INTRODUCTION

    1.    This is an action at law to redress the deprivation by Defendants, acting under color of statute, ordinance, regulation, custom and/or usage, of a right, privilege or immunity secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America with intent to deny Plaintiff his civil rights, all of which arise under Federal Law, particularly Title 42 U.S.C. §§ 1983 and 1988, and the Constitution, Laws and Statutes of the United States.

### JURISDICTION

    2.    This action arises under the United States Constitution, particularly under the provisions of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the

United States, and under Federal Law, particularly Title 42 of the United States Code, §§ 1983 and 1988.

3. This Court has jurisdiction of this case under and by virtue of Title 28 of the United States Code §§ 1331, 1342 (4) and 1343.

4. Plaintiffs, Gerhard Seitz and Joan Seitz, are citizens of the United States of America, and at the time of the filing of this complaint are residents of the County of Orange, State of New York.

5. Defendant, New York State Police, is a police agency and governmental subdivision of the State of New York.

6. Defendants, DeQuarto and Andryshak, at all times material hereto, were, upon information and belief, duly appointed employees and/or agents of the New York State Police.

7. Each and all of the acts of the Defendants alleged herein were done by the Defendants, and each of them, under color of law, to wit, under the color and pretense of statutes, ordinances, regulations, customs, policies and usages of the State of New York and the New York State Police.

8. At all times herein relevant, Defendants, DeQuarto and Andryshak, were acting within the scope of their employment.

9. The Plaintiff sues each of the Defendants in her, his or its individual and official capacities.

## THE FACTS

10. On or about February 12, 2006, at approximately 5:20 p.m., watches valued in excess of $3000.00 were stolen from the Gander Mountain store located at 100 North Galleria Drive in the Town of Wallkill, New York.

11. A Gander Mountain employee witnessed the crime. Several Gander Mountain employees witnessed the criminal as he left the store with the stolen items.

12. The criminal was seen fleeing the store in a red Toyota pickup truck with a white cap and white bumper sticker under the tailgate handle. The crime was also recorded and preserved by surveillance cameras located in the Gander Mountain store.

13. The New York State Police were called to investigate the aforementioned crime. Upon information and belief the New York State Police interviewed the store employees who witnessed the crime and the State Police reviewed various surveillance camera recordings, including footage of the crime and footage of the store on other dates.

14. As a result of the video surveillance from the store the State Police obtained a photographic image of the criminal. In addition, eyewitnesses told the State Police that the criminal had fled the crime scene in a red Toyota pickup, with a white cap and white bumper sticker under the tailgate.

15. The State Police provided the details of the crime, as well as the suspect's vehicle description to the local newspapers (Times Herald Record and Mid Hudson News) for publication on February 14, 2006.

16. On February 15, 2006, the State Police allowed the newspaper to publish a copy of the surveillance photo of the individual who stole the watches from the Gander Mountain store.

17. On that same date the State Police, specifically defendant DeQuarto and defendant Theresa Andryshak (hereinafter referred to as "the Investigators"), went to the home of the claimant GERHARD SEITZ, JR. for the purpose of interrogating GERHARD SEITZ, JR. The Investigators stood on GERHARD SEITZ's back porch. When GERHARD SEITZ entered his home, the Investigators knocked on the back door and asked GERHARD SEITZ to come outside so they could question him. Investigators did not inform GERHARD SEITZ of his right to remain silent. Investigators did not inform GERHARD SEITZ of his right to have an attorney present during any questioning.

18. GERHARD SEITZ went outside and spoke with the Investigators for several minutes before the Investigators suggested that the questioning continue at the State Police barracks. GERHARD SEITZ declined to go to the State Police barracks but allowed the Investigators to enter his home to continue the questioning.

19. GERHARD SEITZ was shown the surveillance photograph of the man who stole watches from the Gander Mountain store. GERHARD SEITZ was also shown a photograph of himself shopping at the Gander Mountain store on a day other than when the watches were stolen. GERHARD SEITZ was told that the pictures were identical by the Investigators.

FELDMAN, KLEIDMAN & COFFEY, L.L.P.  •  ATTORNEYS AT LAW  •  995 MAIN STREET  •  FISHKILL, NEW YORK 12524

20. GERHARD SEITZ admitted that one of the photos accurately depicted him shopping at Gander Mountain. However, he denied that the other photo (of the individual who stole property from Gander Mountain) was he. GERHARD SEITZ drew to the attention of Investigators differences in physical appearance of himself, in the one photo, and the perpetrator, in the other photo.

21. GERHARD SEITZ provided the Investigators with a dated receipt for the purchases he had recently made at Gander Mountain.

22. During this encounter with Investigators, GERHARD SEITZ was never informed as to the date of the theft. Had Investigators so informed GERHARD SEITZ, he would have provided Investigators with an alibi defense as well as the identity of an alibi witness.

23. On February 16, 2006, the State Police went to GERHARD SEITZ's place of employment, CR Wolfe Heating Corp. at 449 East Main Street, Middletown, New York. At approximately 3:00 p.m., the State Police and Investigators arrested GERHARD SEITZ at his place of business alleging that he had committed the crime of Grand Larceny in the third degree. The arrest was effected in the presence of GERHARD SEITZ's co-workers and employer.

24. After effecting GERHARD SEITZ's arrest, the State Police and Investigators questioned GERHARD SEITZ's co-workers and employer about GERHARD SEITZ and told each of these individuals that GERHARD SEITZ had committed a felony crime.

FELDMAN, KLEIDMAN & COFFEY, L.L.P.  •  ATTORNEYS AT LAW  •  995 MAIN STREET  •  FISHKILL, NEW YORK 12524

25. The State Police seized and confiscated GERHARD SEITZ's truck, a green pickup truck, with no cap, with the words CR WOLFE inscribed on the sides. The State Police had GERHARD SEITZ's truck brought to the State Police barracks by means of a flatbed. The State Police searched GERHARD SEITZ's truck.

26. GERHARD SEITZ was handcuffed to a chair and detained at the State Police barracks in Wallkill, New York for several hours.

27. Once again, Investigators failed to advise GERHARD SEITZ of his right to remain silent. Investigators failed to advise GERHARD SEITZ of his right to an attorney. Investigators failed to give GERHARD SEITZ the opportunity to contact an attorney. Investigators refused GERHARD SEITZ the opportunity to contact a friend or a loved one. GERHARD SEITZ was denied access to a telephone. Investigators seized GERHARD SEITZ's key chain, which contained on it three keys.

28. Without advising GERHARD SEITZ of his constitutionally guaranteed rights to remain silent and to have an attorney present, Investigators proceeded to question GERHARD SEITZ regarding which of his keys they could use to enter and search his home. GERHARD SEITZ exercised his constitutional right to refuse questioning outside the presence of an attorney. The Investigators threatened GERHARD SEITZ that they would then break down the doors of his home in order to enter, in lieu of trying the three keys on GERHARD SEITZ's keychain. In response to this statement, GERHARD SEITZ advised the Investigators to be careful of his pet dogs. The Investigators told GERHARD SEITZ that they would "shoot the dogs" when they

entered the home. The Investigators laughed as they left GERHARD SEITZ handcuffed in the State Police barracks and proceeded to search GERHARD SEITZ's home.

29. GERHARD SEITZ's wife came to the State Police barracks as the result of a telephone call she received from GERHARD SEITZ's employer, CR Wolfe. Mrs. Seitz was not allowed to speak with GERHARD SEITZ and no member of the State Police would discuss GERHARD SEITZ's situation with her.

30. Knowing only that her husband had been arrested at his workplace and subsequently detained, Mrs. Seitz retained the law offices of Feldman, Kleidman & Coffey, L.L.P., to represent GERHARD SEITZ for any crime with which he might be charged.

31. Andrew S. Regenbaum, Esq., a partner in the law offices of Feldman, Kleidman, & Coffey, L.L.P., called the State Police barracks, identified himself as counsel for GERHARD SEITZ, and inquired about the status of GERHARD SEITZ. Andrew S. Regenbaum, Esq., was told that he would have to speak to Investigator Theresa Andryshak. Investigator Theresa Andryshak never returned the call of GERHARD SEITZ's counsel. Instead, counsel was forced to call the State Police barracks a second time at which point Investigator Theresa Andryshak advised Andrew S. Regenbaum, Esq., that GERHARD SEITZ was arrested and charged with Grand Larceny in the third degree.

32. At 6:30 p.m. Investigator Theresa Andryshak told Andrew S. Regenbaum, Esq., and Mrs. Seitz that GERHARD SEITZ would be arraigned at 7 p.m. on February

16, 2006 in the Town of Mount Hope Justice Court. Mrs. Seitz and the undersigned were to appear in Justice Court in order to arrange for GERHARD SEITZ's bail and to obtain a copy of the accusatory instrument prepared by the State Police.

33.  GERHARD SEITZ was never arraigned in the Town of Mount Hope Justice Court. The State Police took GERHARD SEITZ to a parking lot of a fire station in Wallkill where he was "arraigned" in the backseat of the State Police car by a State Magistrate Judge sitting in a nearby vehicle. GERHARD SEITZ was denied his right to have counsel present at this arraignment, GERHARD SEITZ was denied his right to argue his bail, and Investigators failed to provide GERHARD SEITZ a copy of the accusatory instrument.

34.  GERHARD SEITZ was taken to the Orange County Jail where he was processed and where his detention continued. By the time Mrs. Seitz and counsel learned of the "arraignment", it was too late for GERHARD SEITZ to obtain bail or bond. GERHARD SEITZ remained in the Orange County jail until midday on February 17, 2006. On February 17, 2006, GERHARD SEITZ posted bail in the amount of $30,000 property or $10,000 cash to secure his release from custody.

35.  The local newspapers and television station were made aware of GERHARD SEITZ's arrest. The newspapers and television reported GERHARD SEITZ's name, the crime he was charged with, his bail, and the supposed location of his arraignment. These publications cause GERHARD SEITZ public humiliation, embarrassment and defamed his name and reputation in the community.

8

36. By affidavit dated February 15, 2006, defendant DeQuarto made application for a search warrant to search the plaintiffs' residence and seize items therefrom. The application contained false representations. Based upon these false representation, a search warrant for plaintiffs' residence was issued by Justice John Goldsmith, Town Justice for the Town of Mount Hope. No search warrant was obtained prior to the seizure and search of plaintiffs' truck.

37. The State Police and Investigators searched the home and truck of GERHARD SEITZ. The State Police and Investigators seized personal items belonging to GERHARD SEITZ that did not match or resemble any of the items described by witnesses to the crime or captured on the video surveillance from Gander Mountain. The State Police and Investigators kept and held GERHARD SEITZ's vehicle until February 19, 2006. The State Police and Investigators never returned GERHARD SEITZ's keys. Before he was allowed to regain possession of his truck, GERHARD SEITZ was forced to pay for the flatbed expenses incurred when State Police seized his truck.

38. On March 3, 2006, the Orange County District Attorney's Office advised GERHARD SEITZ's counsel that the charges against GERHARD SEITZ were going to be dismissed. The District Attorney's Office advised that a different individual had been arrested for the same crime GERHARD SEITZ had been charged with. The other accused individual allegedly drove a red pick up truck, confessed to the crime, and was in possession of the stolen property. On March 8, 2006, the charges against GERHARD SEITZ were dismissed.

FELDMAN, KLEIDMAN & COFFEY, L.L.P.   •   ATTORNEYS AT LAW   •   995 MAIN STREET   •   FISHKILL, NEW YORK 12524

39. That on or about March 8, 2006, a claim was filed in the New York State Court of Claims against the State of New York, the New York State Police, Investigator Paul DeQuarto and Investigator Theresa Andryshak for false arrest, malicious prosecution, abuse of process and civil rights violations.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### DENIAL OF CIVIL RIGHTS 42 U.S.C. §1983

40. Plaintiffs repeats and realleges paragraphs "1" through "39" and incorporates the same herein by reference.

41. As the result of the aforementioned, plaintiff Gerhard Seitz was caused to be subjected to the deprivation of rights, privileges and/or immunities secured by the Constitution and laws of this State and the United States and has been damaged thereby. The rights, privileges and immunities deprived by Defendants included, but are not limited to:

   (a) Right to freedom from illegal searches and seizure of person and property, in violation of the Fourth and Fourteenth Amendment of the United States Constitution.

   (b) Right to due process as guaranteed by the Fifth Amendment of the United States Constitution.

42. That, as a proximate cause thereof, Gerhard Seitz suffered damages including, but not limited to, mental anguish, defamation, personal injury, loss of property, pecuniary loss, and humiliation.

FELDMAN, KLEIDMAN & COFFEY, L.L.P.  •  ATTORNEYS AT LAW  •  995 MAIN STREET  •  FISHKILL, NEW YORK 12524

## SECOND CAUSE OF ACTION

### FALSE ARREST AND UNLAWFUL IMPRISONMENT

43.  Plaintiffs repeats and realleges paragraphs "1" through "42" and incorporates the same herein.

44.  That on the 16th day of February, 2006, while the plaintiff was lawfully at his place of employment in Middletown, New York, the defendants illegally and unlawfully arrested the plaintiff, Gerhard Seitz, without any warrant authorizing the arrest of said plaintiff, on a charge of Grand Larceny in the Third Degree.

45.  That at all times herein, the plaintiff, Gerhard Seitz, was aware of and did not consent to his confinement, that the defendants intended to confine him and that probable cause did not exist to justify his arrest and detention.

## THIRD CAUSE OF ACTION

### MALICIOUS PROSECUTION

46.  Plaintiffs repeat and reallege paragraphs "1" through "45" and incorporates the same herein by reference.

47.  That the defendants acted willfully, maliciously and recklessly in causing the plaintiff, Gerhard Seitz, to be arrested and charged with the offense of Grand Larceny in the Third Degree.

48.  That probable cause for said arrest did not exist.

**FELDMAN, KLEIDMAN & COFFEY, L.L.P.**  •  ATTORNEYS AT LAW  •  995 MAIN STREET  •  FISHKILL, NEW YORK 12524

49. That the plaintiff was not, in fact, the individual who stole merchandise from Gander Mountain on February 12, 2006.

50. That the criminal proceeding terminated in plaintiff's favor with the dismissal of all charges against him.

## FOURTH CAUSE OF ACTION

### DERIVATIVE CLAIM

51. Plaintiffs repeat and reallege paragraphs "1" through "50" and incorporates the same herein by reference.

52. That the defendants acted willfully, maliciously and recklessly in causing the plaintiff's, Joan Seitz's, husband to be arrested and charged with the offense of Grand Larceny in the Third Degree.

53. That the plaintiff's, Joan Sietz's, husband was not, in fact, the individual who stole merchandise from Gander Mountain on February 12, 2006.

54. That, as a proximate cause thereof, Joan Seitz suffered damages including, but not limited to, mental anguish, defamation, personal injury, loss of property, pecuniary loss, and humiliation due to her husband's arrest.

FELDMAN, KLEIDMAN & COFFEY, L.L.P.   •   ATTORNEYS AT LAW   •   995 MAIN STREET   •   FISHKILL, NEW YORK 12524

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs demands judgment against Defendants as follows:

(a) As and for his first cause of action, Plaintiff Gerhard Seitz demands compensatory judgment jointly and severally against the Defendants;

(b) As and for his second cause of action, Plaintiff Gerhard Seitz demands compensatory judgment against the Defendants;

(c) As and for his third cause of action, Plaintiff Gerhard Seitz demands compensatory judgment against the Defendants;

(d) As and for his fourth cause of action, Plaintiff Joan Seitz demands compensatory judgment against the Defendants;

(e) Plaintiff Gerhard Seitz demands punitive damages against each of the defendants on each cause of action;

(f) Attorney fees for the Plaintiffs' attorneys pursuant to 42 U.S.C. 1988; and

(g) Such other and further relief as this court deems just, proper and equitable.

Plaintiffs hereby demand a jury trial with respect to both liability and damages.

Dated: February 11, 2008

*Marsha S Weiss*

Marsha S. Weiss (MSW6329)
FELDMAN, KLEIDMAN & COFFEY, L.L.P.
Attorneys for Plaintiffs
995 Main Street, P.O. Box A
Fishkill, New York 12524-0395
Telephone (845) 897-5199