UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

GERHARD SEITZ and JOAN SEITZ,           : ELECTRONICALLY FILED

          Plaintiffs,                        : 08-CV-1537 (SCR)

    - against -                            :

PAUL DEQUARTO, Individually and as an   : **ANSWER TO COMPLAINT**
Employee of the New York State Police,
THERESA ANDRYSHAK, Individually and as an :
Employee of the New York State Police, and
NEW YORK STATE POLICE,                  : ***JURY TRIAL DEMANDED***

          Defendants.                         :
-----------------------------------------------------------------x

      Defendants Paul Dequarto, Individually and as an Employee of the New York State Police, and Theresa Andryshak, Individually and as an Employee of the New York State Police (hereinafter the "Investigator Defendants"), and New York State Police (hereinafter "NYSP") (collectively the "Defendants"), by way of answer to the allegations of the Complaint, aver as follows:[1]

## AS TO THE INTRODUCTION

      1.    Defendants deny the allegations contained in paragraph 1 of the Complaint, except to admit that the Plaintiffs' action arises under 42 U.S.C. § 1983. Paragraph 1 otherwise addresses legal issues which the Defendants respectfully refer to the Court for determination.

## AS TO JURISDICTION

      2.    Defendants admit the allegations in paragraph 2 to the extent that the Plaintiffs' action arises under 42 U.S.C. § 1983.

---

[1] The Investigator Defendants answer in their official and individual capacities, and answer allegations directed toward other individuals on the basis of information and belief. References to "paragraph(s)" herein are to the numbered paragraphs of the Complaint.

3. Defendants admit the allegations in paragraph 3 to the extent that this Court has jurisdiction of this case under 28 U.S.C. §§ 1331 and 1343(a)(3). Defendants deny the allegation that this Court has jurisdiction under 28 U.S.C. § 1342(4).

4. Defendants lack knowledge or information sufficient to form a belief as to the assertions in paragraph 4.

5. Defendants admit the allegations in paragraph 5.

6. Defendants admit the allegations in paragraph 6.

7. Defendants deny the allegations in paragraph 7 to the extent that all of the acts alleged to have been done by the Investigator Defendants were, in fact, done by the Investigator Defendants.

8. Defendants admit the allegations in paragraph 8.

9. Defendants admit the allegations in paragraph 9 to the extent that the Plaintiffs are suing the Investigator Defendants in their individual and official capacities. Defendants deny the allegations that the Plaintiffs can sue the NYSP in any capacity and that the Investigator Defendants can be sued in their official capacities.

## AS TO THE FACTUAL BACKGROUND

10. Defendants admit the allegations in paragraph 10, with the exception that the official address listed for the Gander Mountain store in question is in Middletown, New York.

11. Defendants admit the allegations in paragraph 11.

12. Defendants admit the allegations in paragraph 12.

13. Defendants admit the allegations in paragraph 13.

14. Defendants admit the allegations in paragraph 14.

15. The Investigator Defendants deny the allegations in paragraph 15, but admit that

they were aware that a NYSP press release was forwarded to the Times Herald Record on or about February 14, 2006. The Defendants lack knowledge or information sufficient to form a belief as to the allegation in paragraph 15 that the NYSP provided the details of the crime to the Mid Hudson News on February 14, 2006.

16. The Investigator Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 16 as to who allowed the newspaper to publish a copy of the surveillance photo, but admit that they were aware that a NYSP press release was forwarded to the Times Herald Record on or about February 14, 2006, which contained surveillance photos of the suspect.

17. The Investigator Defendants admit the allegations in the first two sentences of paragraph 17, but deny the allegation that they went to the home of plaintiff Gerhard Seitz, Jr. (hereinafter referred to as "Plaintiff Seitz") for the purpose of interrogating him. The Investigator Defendants admit the third sentence of the allegations in paragraph 17, but deny that they knocked on Plaintiff Seitz's back door only after he entered his home because plaintiff was already home when they knocked. The Investigator Defendants admit the fourth and fifth sentences of the allegations in paragraph 17 because Plaintiff Seitz was not in custody at the time.

18. The Investigator Defendants admit the allegations in paragraph 18.

19. The Investigator Defendants admit the allegations in the first two sentences of paragraph 19. The Investigator Defendants deny the allegations in the third sentence of paragraph 19.

20. The Investigator Defendants admit the allegations in the first two sentences of paragraph 20. The Investigator Defendants admit the allegations in the third sentence of paragraph 20 to the extent that Plaintiff Seitz pointed out one difference in the facial hair below his lip.

21.     The Investigator Defendants deny the allegations in paragraph 21 to the extent that Plaintiff Seitz provided the Investigator Defendants with a dated receipt, but admit that some pieces of paper were shown by Plaintiff Seitz to the Investigator Defendants purporting to be receipts from purchases he had recently made at Gander Mountain.

22.     The Investigator Defendants admit the allegations in the first sentence of paragraph 22. The Investigator Defendants lack knowledge or information sufficient to form a belief as to the assertion in the second sentence of paragraph 22.

23.     Defendants admit the allegations in the first two sentences of paragraph 23 to the extent that the Investigator Defendants went to Plaintiff Seitz's place of employment accompanied by two uniformed troopers, one of whom remained in the patrol car. The Defendants lack knowledge or information sufficient to form a belief as to the allegation of the third sentence of paragraph 23 that the arrest was made in the presence of Plaintiff Seitz's co-workers because the arrest was made in his personal office, but deny the allegation that it was done in the presence of Plaintiff Seitz's employer.

24.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 24 to the extent that the Investigator Defendants did not overhear what the troopers told each of Plaintiff Seitz's co-workers.

25.     Defendants admit the allegations in the first two sentences of paragraph 25 to the extent that Plaintiff Seitz's truck was impounded and towed, but lack knowledge or information sufficient to form a belief as to how it was towed. As to the allegations in the third sentence of paragraph 25, Defendants admit that, pursuant to a valid search warrant, members of the NYSP searched plaintiff Seitz's truck on or about February 17, 2006.

26.     Defendants lack knowledge or information sufficient to form a belief as to the

allegation of paragraph 26 that Plaintiff Seitz was handcuffed to a chair, and deny the allegation that he was detained at the State Police barracks in Wallkill, New York.  Defendants admit that Plaintiff Seitz was taken to the State Police barracks in Middletown, New York (hereinafter "SP-Middletown"), and that he was detained there for several hours on February 16, 2006.

  27. The Investigator Defendants deny the allegations in the first four sentences of paragraph 27 that they failed to advise Plaintiff Seitz of his right to remain silent, his right to an attorney, failed to give him an opportunity to contact an attorney, and refused to give him the opportunity to contact a friend or loved one.  The Investigator Defendants admit that, at the time of Plaintiff Seitz's arrest at his place of employment, he had asked a co-worker to contact his wife, and then while at SP-Middletown, he invoked his right to an attorney and to remain silent.  The Investigator Defendants deny the allegation in the fifth sentence of paragraph 27 because Plaintiff Seitz never asked the Investigator Defendants for access to a telephone after invoking his right to remain silent, and lack knowledge or information sufficient to form a belief as to whether Plaintiff Seitz ever asked for access to a telephone from another member of the NYSP.  The Investigator Defendants deny the allegation in the sixth sentence of paragraph 27 to the extent that they seized Plaintiff Seitz's key chain, but admit that they took his keys, and lack knowledge or information sufficient to form a belief as to the number of keys on the key chain.

  28. The Investigator Defendants admit the allegations in the first two sentences of paragraph 28. The Investigator Defendants deny the allegation in the third sentence of paragraph 28 that they threatened Plaintiff Seitz that they would break down the doors of his home in lieu of trying the three keys on his key chain.  The Investigator Defendants admit that they advised Plaintiff Seitz that they had obtained a signed search warrant to search his house, and that, to avoid forced entry, they asked him which key would open the door to his house.  The Investigator Defendants deny the

allegation in the fourth sentence of paragraph 28 that Plaintiff Seitz advised the Investigator Defendants that he had pet dogs, but admit that he had responded in a hostile manner stating that he would not be talking to them and referenced his dogs in his house.  The Investigator Defendants deny the allegations in the fifth and sixth sentences of paragraph 28 that they would shoot the dogs and that they had laughed as they left to search Plaintiff Seitz's house.  The Investigator Defendants admit that, prior to executing the search warrant, they contacted the Town of Mount Hope dog warden, Debra Baker, who arrived at Plaintiff Seitz's home to assist in safely securing his two dogs.

29.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 29 as to why Plaintiff Seitz's wife came to the SP-Middletown barracks and, in any event, the Investigator Defendants were not at the SP-Middletown barracks because they were executing the search warrant at Plaintiff Seitz's house.

30.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 30.

31.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of the first three sentences of paragraph 31 because the Investigator Defendants were not at the SP-Middletown barracks and were, in fact, executing the search warrant at Plaintiff Seitz's house.  The Investigator Defendants lack knowledge or information sufficient to form a belief as to the allegation of the fourth sentence of paragraph 31 that Andrew S. Regenbaum, Esq., was forced to call SP-Middletown a second time, but admit that Defendant Andryshak spoke to an attorney who purported to be Plaintiff Seitz's counsel, and informed counsel of the fact that Plaintiff Seitz had been arrested and charged with Grand Larceny in the Third Degree.

32.     Defendant Andryshak admits the allegation in the first sentence of paragraph 32 that she told Andrew S. Regenbaum, Esq., that Plaintiff Seitz would be arraigned at 7 p.m. on

February 16, 2006, in the Mount Hope Town Court, but denies the allegation that she also told Plaintiff Joan Seitz this information. Defendants lack knowledge or information sufficient to form a belief as to the allegation in the second sentence of paragraph 32 that Plaintiff Joan Seitz was to appear in Mount Hope Town Court for Plaintiff Seitz's arraignment, but deny the allegation that the undersigned, referring to Plaintiffs' current counsel Marsha S. Weiss, Esq., was to appear in the Mount Hope Town Court for Plaintiff Seitz's arraignment.

33. Defendants admit the allegation in the first sentence of paragraph 33. The Investigator Defendants lack knowledge or information sufficient to form a belief as to the allegations in the second, third, and fourth sentences of paragraph 33 because the Investigator Defendants were not present at Plaintiff Seitz's arraignment. Defendant NYSP admits that Plaintiff Seitz was arraigned before Judge Robert Freehill of the Wallkill Town Court on February 16, 2006, but lack knowledge or information sufficient to form a belief as to the other allegations in the second, third, and fourth sentences of paragraph 33.

34. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 34 because this paragraph does not allege any personal involvement by any of the Defendants. In any event, the Investigator Defendants were not present at Plaintiff's Seitz's arraignment and did not participate in taking him to the Orange County Jail.

35. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 35 because this paragraph does not allege any personal involvement by any of the Defendants.

36. Defendant DeQuarto admits the allegation in the first sentence of paragraph 36 to the extent that the affidavit for the search warrant was dated February 16, 2006. Defendants deny the allegation in the second sentence of paragraph 36, except to the extent that the address for Plaintiff

Seitz's house is listed as in Otisville, New York, and that Caitlin Bernstein is the correct spelling of the first name of the Gander Mountain store manager.  Defendants deny the allegation in the third sentence of paragraph 36 that the search warrant contained false representations.  Defendants deny the allegation in the fourth sentence of paragraph 36, but admit that Plaintiff Seitz's truck was impounded and brought to SP-Middletown before the Investigator Defendants obtained a search warrant on or about February 17, 2006, upon which the truck was searched.

37.     Defendants admit the allegation in the first sentence of paragraph 37.  Defendants admit the allegation in the second sentence of paragraph 37 that they seized personal items belonging to Plaintiff Seitz, but deny that these items did not match or resemble any of the items described by witnesses to the crime or captured on the video surveillance from Gander Mountain.
Defendants deny the allegation in the third sentence of paragraph 37 because Plaintiff Seitz's vehicle was released on February 18, 2006.  Defendants deny the allegation in the fourth sentence of paragraph 37 to the extent that the keys referred to in this sentence are Plaintiff Seitz's house keys because he was advised that he could pick them up from SP-Middletown, along with his personal items, but he has not yet done so.  Defendants lack knowledge or information sufficient to form a belief as to the allegations in the fifth sentence of paragraph 37.

38.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 38 because this paragraph does not allege any personal involvement by the Defendants, except to admit that they were aware that the charges against Plaintiff Seitz were dismissed on March 8, 2006.

39.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 39 because this paragraph does not allege any personal involvement by the Defendants, except to admit that they were aware that the Plaintiffs filed a claim in the New York

State Court of Claims on or about March 10, 2006, against the Defendants.

## AS TO THE FIRST CAUSE OF ACTION

40. Defendants deny the allegations of paragraph 40.

41. Defendants deny the allegations of paragraph 41.

42. Defendants deny the allegations of paragraph 42.

## AS TO THE SECOND CAUSE OF ACTION

43. Defendants deny the allegations of paragraph 43.

44. Defendants deny the allegations of paragraph 44, except to admit that no warrant was lawfully required to arrest Plaintiff Seitz at his place of employment on February 16, 2006.

45. Defendants deny the allegations of paragraph 45 to the extent that it alleges that probable cause did not exist to justify Plaintiff Seitz's arrest and detention.

## AS TO THE THIRD CAUSE OF ACTION

46. Defendants deny the allegations of paragraph 46.

47. Defendants deny the allegations of paragraph 47.

48. Defendants deny the allegation of paragraph 48.

49. Defendants admit the allegation of paragraph 49.

50. Defendants admit the allegation of paragraph 50.

## AS TO THE FOURTH CAUSE OF ACTION

51. Defendants deny the allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52.

53. Defendants admit the allegation of paragraph 53.

54. Defendants deny the allegations of paragraph 54.

**AS TO THE DEMAND FOR RELIEF**

55. With respect to the "Wherefore" clauses of the Complaint, no response is required. To the extent that a response is required, Defendants deny that the Plaintiffs are entitled to any relief.

**DEFENSES**

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

56. The Complaint fails to state a claim upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

57. Plaintiffs' claims including, but not limited to, claims against the Investigator Defendants in their individual capacities fail, in whole or in part, because the Investigator Defendants' arrest of Plaintiff Seitz was based on probable cause or arguable probable cause.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

58. Plaintiff Joan Seitz's derivative claim against the Defendants fails, in whole or in part, because she either lacks standing to assert such a claim or that such a claim is not cognizable under 42 U.S.C. § 1983. To the extent that the Plaintiffs raise a separate claim of defamation, such a claim must be dismissed as not cognizable under 42 U.S.C. § 1983. To the extent that Plaintiff Joan Seitz has standing and such claims are cognizable, her derivative claim and Plaintiffs' defamation claims against the Defendants fail, in whole or in part, because the Investigator Defendants' arrest of Plaintiff Gerhard Seitz was based on probable cause or arguable probable cause.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

59. Plaintiffs' claims against the Defendant NYSP are barred in whole by the doctrine of sovereign immunity under the Eleventh Amendment to the United States Constitution.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

60. Plaintiffs' claims against the Investigator Defendants in their official capacities are barred in whole by the doctrine of sovereign immunity under the Eleventh Amendment to the United States Constitution.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

61. Plaintiffs' claims including, but not limited to, claims against the Investigator Defendants in their individual capacities are barred, in whole or in part, by the doctrine of qualified immunity.

## JURY DEMAND

62. Defendants demand a jury trial of all issues appropriate for jury determination.

WHEREFORE, Plaintiffs' Complaint should be dismissed with prejudice, and the Defendants should be awarded their costs, together with such other and further relief which this Court deems just and proper.

Dated: New York, New York
       May 1, 2008

ANDREW M. CUOMO
Attorney General of the
 State of New York
Attorney for Defendants

By: /s/ Frederick Wen
    FREDERICK H. WEN (FW 7588)
    Assistant Attorney General
    120 Broadway
    New York, New York 10271
    212-416-6536
    212-416-6075/6076/6009 (fax)

**DECLARATION OF SERVICE**

FREDERICK H. WEN, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows: that on May 1, 2008, he served the annexed Answer to Complaint by having it mailed via the United States Postal Service to counsel for the plaintiffs at the following address:

>Marsha Solomon Weiss, Esq.
>Feldman, Kleidman & Coffey, LLP
>995 Main Street
>P.O. Box A
>Fishkill, New York 12524-0395

>/s/ Frederick Wen
>FREDERICK H. WEN (FW 7588)
>Assistant Attorney General
>120 Broadway
>New York, New York 10271
>(212) 416-6536

Executed on May 1, 2008